# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. S1-4:05-CR-573 CAS |
| IFIOK EQUERE, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant's Motion to Modify and Reduce a Term of Imprisonment under 18 U.S.C. § 3582(c)(2). Defendant, who was sentenced in August 2006 on two counts of false statements to the U.S. Department of Housing and Urban Development in violation of 18 U.S.C. § 1001(a)(2), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), asserts that his sentence should be reduced based on subsequent changes in the U.S. Sentencing Guidelines.[1]

A. *Amendment 709*

On November 1, 2007, the United States Sentencing Commission adopted Amendment 709, which amended Guidelines § 4A1.1 and § 4A1.2 concerning criminal history category and computation of criminal history. Based on these amendments, defendant asserts that two of his prior convictions should not be counted and his criminal history points should be reduced by two points,

---

[1] Defendant also has pending a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Equere v. United States, No. 4:07-CV-1591 CAS. The § 2255 motion will be resolved within the time frame established by the Case Management Order in that case.

for a resulting criminal history category of III, and his sentence should be modified accordingly under 18 U.S.C. § 3582(c)(2).

Because defendant was sentenced before November 1, 2007, Amendment 709 must be retroactive to apply in this case. Guideline § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," lists all Guideline Amendments that may be applied retroactively.[2] Because Amendment 709 is not listed in § 1B1.10(c), it is not retroactive and, therefore, is not applicable in this case. See United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008) (per curiam) (holding that Amendment 709 is not given retroactive treatment).

Because the Guideline Amendments upon which defendant relies may not be applied retroactively, there is no legal basis for computing the guideline sentence applicable to the offense of conviction differently than it was computed at sentencing.

B. *Booker decision*

Defendant also contends that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), affects Section 3582(c)(2) by allowing district courts to "use any amendment promulgated by the Sentencing Commission--whether voted retroactive or not--to reduce his sentence under Section 3582(c)(2)." Mot. for Relief at 4.

By the terms of Section 3582(c)(2), a court only has the authority to modify a sentence when the range has been lowered "by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." Id. Courts have limited authority to reduce prior sentences, based on retroactive amendments to the

---

[2]U.S. Sentencing Guidelines Manual § 1B1.10(c) (Supp.2007) reads: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711."

2

Guidelines.  United States v. Mihm, 134 F.3d 1353, 1354 (8th Cir. 1998).  Section 3582(c)(2) "only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range."  United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2005) (holding that Booker does not provide a basis for sentence reduction under § 3582(c)), cert. denied, 547 U.S. 1185 (2006).  See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Booker is inapplicable to § 3582(c)(2) motions), cert. denied, 547 U.S. 1050 (2006); Hayes v. United States, 141 F. App'x 463, 464 (7th Cir. 2005) (§ 3582(c)(2) "authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 F. App'x 897, 898 (5th Cir. 2005) (holding that Booker is inapplicable to § 3582(c)(2) motions: "By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines.").  Booker therefore does not provide a basis for sentence reduction under Section 3582(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify and Reduce a Term of Imprisonment is **DENIED**.  [Doc. 96]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of August, 2008.